Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ADAM KASPRZYK, Appellant.

*Crimes — murder in second degree — judgment of conviction affirmed.*

People v. *Kasprzyk,* 209 App. Div. 449, affirmed.

(Argued June 5, 1924; decided July 5, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 21, 1924, which affirmed a judgment of the Erie County Court rendered upon a verdict convicting the defendant of the crime of murder in the second degree.

*John V. Maloney* for appellant.

*Guy B. Moore, District Attorney* (*W. Bartlett Sumner* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

BERNARD F. GOLDEN, Respondent, *v.* PATRICK H. SULLIVAN et al., Defendants, and HANNAH SULLIVAN, as Receiver of the Estate of TIMOTHY D. SULLIVAN, Deceased, Appellant.

*Lease — rescission — action to rescind leases and to recover moneys deposited as security, paid as rent, and expended on the leased property.*

Golden v. *Sullivan,* 208 App. Div. 774, affirmed.

(Argued June 6, 1924; decided July 5, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 14, 1924, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term. The action was brought for a rescission of leases to the plaintiff of certain real property

in New York city; to recover money deposited as security under the leases; to recover rent paid by the plaintiff for the demised premises and money expended by him thereon in an effort to remove certain violations, and for subrogation. The gravamen of the complaint was that the plaintiff had been induced by fraudulent misrepresentations, by innocent misrepresentations, and by mutual mistake to enter as lessee into five leases of that part of the premises 126 East Fourteenth street and 127 East Thirteenth street, Manhattan, known as the Dewey Theatre. The court decreed cancellation of the leases, a return of the security deposited, with interest, subrogation and other incidental equitable relief, but denied a reimbursement for rent paid and moneys expended.

*Abraham Benedict* and *Gustavus A. Rogers* for appellant. *Joseph Rosenzweig* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Not voting: HISCOCK, Ch. J. Not sitting: LEHMAN, J.

---

JUDSON L. BUTTERFIELD, as Administrator of the Estate of ARTHUR O. BUTTERFIELD, Deceased, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

*State — negligence — military service — State not liable for drowning of soldier while he was guarding unlighted lock of Barge canal.*

*Butterfield* v. *State of New York*, 205 App. Div. 168, affirmed.

(Argued June 6, 1924; decided July 5, 1924.)

APPEAL from a judgment, entered May 22, 1923, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment of the Court of Claims in favor of plaintiff and directing a dismissal of said claim. Claimant's intestate, a private in the New York State Guard, was drowned while in the performance of his military duties, guarding lock No. 7 of the Barge canal at Fort Edward. It was the theory of the claimant that he accidentally slipped or fell into the lock. No complaint was made that the lock